UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>DAVID D. HUNT,<br><br>        Defendant. | Case No. 19-40085-JPG-1 |

**MEMORANDUM AND ORDER**

    This matter comes before the Court on defendant David Hunt's motion for compassionate release pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)) (Doc. 1020). Hunt pled guilty to multiple charges, but in this case he claims that he was incorrectly sentenced for "actual methamphetamine" rather than a mixture of methamphetamine. (Doc. 1020). As this claim is not cognizable under a motion for compassionate release, the Court **DENIES** Hunt's motion.

    The First Step Act expanded the existing compassionate release provisions of federal law by opening the door for a defendant to move for compassionate release rather than only allowing the Director of the Bureau of Prisons ("BOP") to so move. First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(1)(A)); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). The relevant portion of the law provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>     (1) in any case—
>         (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of

> probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>> (i) extraordinary and compelling reasons warrant such a reduction. . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A).

Hunt claims that he was incorrectly sentenced and, therefore, he has presented "extraordinary and compelling reasons" for compassionate release. This is not an "extraordinary and compelling" reason justifying relief under 18 U.S.C. § 3582(c)(1)(A)). The Seventh Circuit has found that "[t]here's nothing 'extraordinary' about . . . a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255." *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022), *cert. denied*, 143 S. Ct. 1784 (2023). As the Government points out in their response, Hunt's "motion for compassionate release" is a fig leaf for a § 2255 petition.

It is clear that Hunt's aim in the pending motion is not "compassionate release" through the standard arguments—or even the creative, unusual arguments—about what is an "extraordinary and compelling" reason. It is a collateral attack on his sentence. *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. . . . [T]he name makes no difference. It is substance that controls.").

Hunt filed a previous § 2255 petition. (Case No. 3:24-cv-00154-JPG, Doc. 1). That petition was denied by this Court on July 25, 2024. (Case No. 3:24-cv-00154-JPG, Doc. 9). This

2

is a successive petition. For this Court to consider the merits of a successive § 2255 petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h). *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The Court of Appeals has not made such a certification here. Therefore, the Court does not have jurisdiction to consider Hunt's motion.

## **CONCLUSION**

Having found that Hunt asserts invalid grounds for compassionate release and that his motion is a disguised, successive, uncertified § 2255 petition, the Court DENIES his motion for compassionate release. (Doc. 1020).

**IT IS SO ORDERED.**
**DATED:  October 17, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**