UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DAVID D. HUNT,

    Defendant.

Case No. 4:19-cr-40085-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on a Motion to Compel, (Doc. 1055), and a Motion to Strike. (Doc. 1057). The Defendant, David Hunt, filed his Motion to Compel on May 16, 2024. Being duly advised in the premises having fully considered the issues and arguments raised, the Court **GRANTS** the Government's Motion to Strike, (Doc. 1057), and **DENIES** the Defendant's motion. (Doc. 1055).

Hunt filed his present motion requesting the Court order his counsel to send a variety of case documents and records to him for the purpose of filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and that he has attempted to obtain these documents and records from counsel without success. Hunt filed a § 2255 petition previously in January of 2024, (Case No. 3:24-cv-00154-JPG); that petition was denied as untimely. (*Id.*, Doc. 9).

In their motion to strike, the Government makes several arguments. Primarily, the Government argues that without a pending case, this Court has no jurisdiction to compel counsel to hand over documents in their possession. Secondarily, the Government argues that the information Hunt requests would cause harm. Hunt replied to the Government's motion

1

clarifying the scope of his request.

The Court need not consider whether the information Hunt seeks is appropriate for disclosure or not. As the Government has argued in their motion, without a pending matter before it, given the criminal case has been closed, the Court cannot arbitrarily order his attorney to hand over hundreds of pages of documents—many of which are highly sensitive. *See generally*, *e.g., United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003). Therefore, that aspect of Hunt's request is improper.

However, Hunt may move for copies of documents in his case file. Some of the documents he asks for are available on the docket. Yet, the Court's intervention is unnecessary. Generally, the District Clerk will mail paper copies of any document to a party upon prepayment of the required fee. According to 28 U.S.C. § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference Schedule of Fees § (4) provides that a fee of $.50 per page shall apply for reproducing any record or paper.

It is possible that Hunt may seek free copies of these documents. Yet, defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a court may require the requestor to show: (1) that he has exhausted all other means of access to his files (i.e., through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (i.e., through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th

Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

Hunt has also requested transcripts, though which exact transcripts he requests are unclear. There are some transcripts that have already been prepared but, when a transcript of a proceeding has not been prepared already, a defendant has a right for the transcript to be prepared at the public's expense in limited circumstances: when a defendant is indigent and the transcript is needed to decide an issue presented by a pending and non-frivolous action. *See* 28 U.S.C. § 753(f). These requirements placed on transcripts do not violate the Constitution. *See United States v. MacCollom*, 426 U.S. 317 (1976) (court's decision not to grant indigent federal prisoner unconditional right to obtain trial transcript for § 2255 proceeding does not violate due process or equal protection); *Lampley v. McBride*, 207 F. App'x 649, 651 (7th Cir. 2006) (court not required to provide transcript at public expense if proceeding is frivolous).

Even were the Court to construe Hunt's present motion to compel as a motion for free copies, Hunt has failed to establish eligibility.

First, Hunt has failed allege he is indigent. Even if he did allege indigence, however, merely claiming indigence is not enough; Hunt must submit financial documents, such as a certified copy of his prisoner trust account for the previous six-month period prior to filing. As Hunt has failed to allege and show proof of indigence, he has failed to satisfy that requirement.

Second, Hunt has no pending matter before this Court. Hunt states that the documents and records he requests are necessary for filing a § 2255 petition, but that petition has since been denied. Consequently, the Court cannot certify that the documents or records he seeks are necessary to pursue a pending, specific, non-frivolous matter. *United States v. Horvath*, 157 F.3d

3

131, 132 (2d Cir. 1998) (*per curiam*) (motion for free transcript not ripe until filing of § 2255 challenge to sentence); *Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995) (*per curiam*) (denial of transcript justified prior to filing of § 2255 challenge to sentence).

Additionally, Hunt filed his § 2255 petition months before he filed the present motion to compel—after he was repeatedly warned that his § 2255 petition appeared to be untimely and may be dismissed as such. Even if the Court presumed *arguendo* that Hunt's § 2255 petition was still pending, the documents and records that Hunt requests have no relation to the timeliness of his § 2255 petition, and Hunt has not alleged that the documents or records he requests go to the timeliness of his petition. Since Hunt's § 2255 petition was denied as untimely, unless Hunt can present a valid argument that the documents requested were relevant the timeliness of his petition, then he has failed to show that the documents he has requested are necessary.

Moreover, based on a review of his § 2255 petition, his present motion, and his reply to the Government's motion—the Court sees no way in which these documents would be relevant to the timeliness of his § 2255 petition. Even were Hunt to argue he required these documents for a new § 2255 petition, he would be subject to the successive § 2255 requirement and, without certification for a successive petition from the Court of Appeals, any such petition would be denied before those documents and records would become necessary. Therefore, Hunt has also failed to show he requires the documents if the Court construed his motion to compel as a motion for free copies.

## **CONCLUSION**

Since Hunt's criminal case has concluded and there is no pending matter concerning Hunt before the Court, the Court lacks the jurisdiction to compel Hunt's attorney to hand over documents here; for that reason alone, the Court need not inquire into the sensitivity of the

4

requested documents and records, nor whether they would be appropriate to hand over. Even were the Court to construe his motion to compel as a motion for free copies—while Hunt has alleged he has exhausted other avenues to obtain copies of those documents—as Hunt has failed to allege he is indigent and failed to establish that the requested documents are relevant to resolve a pending, specific, non-frivolous matter before the Court; Hunt has failed to show that he is entitled to free copies.

Consequently, the Government's Motion to Strike is **GRANTED**, (Doc. 1057), and Hunt's Motion to Compel is hereby **DENIED**. (1055).

**IT IS SO ORDERED.**
**DATED:  November 13, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**