UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>DAVID D. HUNT, Reg. No. 14500-025,<br><br>      Defendant. | Case No. 19-cr-40085-JPG-01 |

**MEMORANDUM AND ORDER**

      This matter comes before the Court on defendant David D. Hunt's renewed *pro se* motion for a sentence reduction for "extraordinary and compelling reasons" pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)) (Doc. 1094). The Government has responded (Doc. 1098). The defendant has not replied to that response, although he was given an opportunity to do so.

**I.    Compassionate Release**

      The First Step Act expanded the sentence reduction provisions[1] of § 3582(c)(1)(A) by opening the door for a defendant to move for a reduction rather than only allowing the Director of the Bureau of Prisons ("BOP") to so move. First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(1)(A)); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). The relevant portion of the law provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>     (1) in any case—
>         (A) the court, upon motion of the Director of the Bureau of Prisons, or

---

[1] The reduction provisions are often referred to as "compassionate release" because historically the grounds for reduction have included the defendant's health and/or age as "extraordinary and compelling reasons" for immediate release. Release was called "compassionate" because it was viewed as showing sympathy for an ailing or aged defendant.

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > (i) extraordinary and compelling reasons warrant such a reduction. . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A).

In exhausting administrative remedies, the defendant must have asserted the same or similar issues as grounds for relief in his request to the warden as he does in his motion for a sentence reduction. *United States v. Williams*, 62 F.4th 391, 393 (7th Cir. 2023); *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). Otherwise, the warden is not equipped to properly consider the defendant's request. Additionally, the Court should give substantial weight to the BOP's analysis, if there is any, regarding "extraordinary and compelling reasons" in any particular case. *Gunn*, 980 F.3d 1180.

The final clause of § 3582(c)(1)(A) requires the Court to consider whether a sentence reduction would be consistent with U.S.S.G. § 1B1.13 (2023) (effective Nov. 1, 2023), the policy statement applicable to motions filed by the BOP Director or the defendant. That policy statement adds the provision that the defendant must not be a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a)(2) (2023).[2] The policy statement further defines "extraordinary and compelling reasons" to include, alone or in combination, as relevant

---

[2] This provision is similar, but not identical, to 18 U.S.C. § 3553(a)(2)(C), which requires the Court to consider the need for the sentence "to protect the public from further crimes of the defendant."

2

for this case:

> **(1) Medical Circumstances of the Defendant.**—
> **(A)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> **(B)** The defendant is—
> > **(i)** suffering from a serious physical or medical condition,
> > **(ii)** suffering from a serious functional or cognitive impairment, or
> > **(iii)** experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> **(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
> **(D)** The defendant presents the following circumstances—
> > **(i)** the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
> > **(ii)** due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
> > **(iii)** such risk cannot be adequately mitigated in a timely manner.
>
> \* \* \*
>
> **(5) Other Reasons.**—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).
>
> **(6) Unusually Long Sentence.**—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b) (2023).

The guideline further states that non-retroactive changes in the law may not be considered in determining whether an extraordinary and compelling reason exists, but they may be considered in determining the extent of a reduction where other extraordinary and compelling reasons exist. U.S.S.G. § 1B1.13(c) (2023). The guideline also provides that the rehabilitation of the defendant cannot, by itself, be an extraordinary and compelling reason, but it may be considered in connection with other reasons in determining whether and to what extent the Court should grant a reduction. U.S.S.G. § 1B1.13(d) (2023).

Thus, for a defendant to be eligible for a § 3582(c)(1)(A) sentence reduction, he must have exhausted his administrative remedies,[3] and the Court must find that (1) extraordinary and compelling reasons for a reduction exist, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), the extraordinary and compelling reasons warrant a reduction. 18 U.S.C. § 3582(c)(1)(A). The movant bears the burden of making such a showing, and the Court has discretion to determine whether the defendant satisfied that burden. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021); *Gunn*, 980 F.3d at 1180. The Court must ensure that any reduction complies with U.S.S.G. § 1B1.13 (2023).

**II.    Analysis**

Hunt pleaded guilty to multiple drug charges involving methamphetamine and cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The Court sentenced him to serve 240 months in prison, lower than his sentencing guideline range. He did not appeal his sentence. He is currently set to be released from prison on October 13, 2036. BOP, Find an inmate, https://www.bop.gov/inmateloc/ (visited Aug. 15, 2025).

---

[3] The exhaustion requirement is not jurisdictional and may be waived by the Government. *Gunn*, 980 F.3d at 1179.

In his first motion for compassionate release (Doc. 1020), Hunt claimed that he was incorrectly sentenced for "actual methamphetamine" rather than a mixture of methamphetamine. Because that claim was not cognizable in a motion for compassionate release, the Court denied his motion.

In this second, or "renewed," motion, Hunt makes the same argument, plus a few more—his sentence was unfair because his codefendants' drug activities were attributed to him, his methamphetamine relevant conduct was never tested for purity, and at least one codefendant was treated more leniently. He claims his motion is not a § 2255 motion, but in some parts of his motion he clearly seeks relief only available through § 2255. "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. . . . It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (internal citation omitted). The prospect of compassionate release does not provide a defendant an opportunity to challenge his sentence outsider § 2255. *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022); *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021). Since Hunt has not received permission from the Court of Appeals to file a successive petition under § 2255(h), the Court must dismiss that portion of his motion.

In other parts of his motion he sounds like he is pursuing a reduction in sentence for valid reasons. For example, he complains that he suffers long-term side effects of having COVID-19 and he makes noises like his sentence is an "unusually long sentence" ("ULS"), two conditions specifically listed in U.S.S.G. § 1B1.13 as "extraordinary and compelling reasons" for relief.

The Government responds that Hunt failed to exhaust his administrative remedies before filing the pending motion. It then recognizes the motion as a successive § 2255 motion but goes

5

above-and-beyond its duty to respond to explain to Hunt facts about his conviction and sentencing that he misunderstands, including about the purity of the methamphetamine for which he was accountable. To the extend Hunt complains of adverse lockdown conditions, the Government argues his relief is in a civil suit, not a motion for compassionate release. Finally, the Government argues that the § 3553(a) factors weight against release because Hunt remains a danger to the community. It points to his lengthy and continuous criminal history and lack of respect for the law.

As for exhaustion of administrative remedies, although Hunt does not mention it, the Government provides no evidence he has failed to exhaust. And it is the Government's burden to prove an affirmative defense like failure to exhaust. The Court will decline to deny Hunt's motion on that basis.

Hunt has not established any extraordinary and compelling reason for relief under 18 U.S.C. § 3582(c)(1)(A). To the extent he refers to his long-term side effects of COVID-19, there is no evidence those conditions constitute a terminal illness with a prognosis of life expectancy, significantly diminish his ability to care for himself in prison, or require long-term or specialize medical care that the BOP cannot provide. Nor is there any evidence of any ongoing outbreak of disease placing him at increased risk due to his personal health factors. U.S.S.G. § 1B1.13(b)(1). Thus, he has not established that his medical circumstances are an extraordinary and compelling reason.

To the extent he may be arguing that he is suffering a ULS, he has not yet served 10 years of imprisonment, a prerequisite to a finding of a ULS as an extraordinary and compelling reason. U.S.S.G. § 1B1.13(b)(6).

And finally, even considering all the potential extraordinary and compelling reasons, they

do not, in combination, amount to more that they do individually.  Hunt has simply not established an extraordinary and compelling reason.

Furthermore, the § 3553(a) factors weigh against release.  The Court's analysis of the § 3553(a) factors at the sentencing hearing continue to apply now, and Hunt has pointed to no reason to change the Court's conclusion regarding the proper sentence now.  Hunt needs to serve his current sentence (minus any credits to which he may become entitled) to reflect the seriousness of his offense, to promote respect for the law, to provide just punishment, and to provide the rehabilitation that will better protect the public from future crimes when he is released.

### III.    Conclusion

For all of these reasons, the Court **DISMISSES** Hunt's motion as an unauthorized successive § 2255 motion to the extent it challenges his sentence and **DENIES** Hunt's motion to the extent it seeks compassionate release for legitimate reasons (Doc. 1094).

**IT IS SO ORDERED.**
**DATED:  August 28, 2025**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**